BENTON, J.,
dissenting.
By restricting the ambit of the Administrative Procedure Act’s general — until today, one might have said comprehensive— provision on variances and waivers, the majority fails to give the provision full effect and creates uncertainty about its now judicially truncated scope that is bound to cause confusion in other cases.
Subsection one of section 120.542, Florida Statutes (1997), is a statement of legislative intent that agencies grant appropriate “variances and waivers to requirements of their rules.” The guts of the provision are in subsection two, which begins:
Variances and waivers shall be granted when the person subject to the rule demonstrates that the purpose of the underlying statute will be or has been achieved by other means by the person and when application of a rule would create a substantial hardship or would violate principles of fairness.
Spelling- out procedures, subsection five evinces no intent to curtail this overarching purpose. The phrases “subject to regulation,” “subject to the rule,” and “subject to regulation by an agency rule” are used interchangeably in section 120.542.
The majority opinion misconstrues the word “regulation” to mean something less than the Legislature intended. To regulate is “to adjust by rule ...; to direct by rule.... ” Black’s Law Dictionary 1286 (6th ed.1990). A regulation is “a rule or order prescribed for management or government.” Id. State property requires management, and rules adopted to that end ought not be immune to variance and waiver in appropriate circumstances.
Although “[cjonsent to erect structures on sovereign submerged lands involves the state’s proprietary interest,” Graham v. Edwards, 472 So.2d 803, 807 (Fla. 3d DCA 1985), the Board understandably promulgated rules to facilitate, for example, decisions concerning thousands of individual docks. Applying section 120.542 so that the Board can grant waivers and variances to its rules in appropriate circumstances is consonant with “a legislative intent to allow the Board sufficient flexibility to oversee state-owned lands and to formulate policies consistent with its duties under the public trust doctrine.” State Board of Trustees of the Internal Improvement Trust Fund v. Lost Tree Village Corp., 600 So.2d 1240, 1245 (Fla. 1st DCA 1992).
The narrow question here is whether the Board of Trustees of the Internal Improvement Trust Fund should have considered the petition for variance and waiver instead of dismissing the petition without *1124 examining its merits. Whether an agency-should consider a waiver or variance is a question distinct from whether the agency should grant the request. Whether to grant an easement (or take any other specific action) is still another question.
In parading the supposed horribles of subsection eight’s requiring the Board to grant utility easements or permission to build docks by default, the majority opinion conflates distinct questions often arising in different proceedings. Absent consolidation with another proceeding, “[a]ny proceeding ... in regard to a variance or waiver shall be limited to the agency action on the request for the variance or waiver.” § 120.542(8), Fla.Stat. (1997).
When an agency has adopted rules under the Administrative Procedure Act, any person the rules affect has a right to seek a waiver or variance under section 120.542, in my view, and an agency that receives a petition for waiver or variance meeting the requirements of subsection five (and Florida Administrative Code Rule 28-104.002 or other applicable rule) must consider the merits of the petition. I therefore respectfully dissent.